Baldwin, J.
delivered the opinion of the Court.
It appears to the Court, that the slaves in the proceedings mentioned, with the exception of the woman Jane, remained by the space of five years in the possession of the appellee Thomas E. Digges under a pretended parol loan thereof from the appellant Beale, without demand made and pursued by due process of law on the part of the said pretended lender; and therefore that according to the terms, true intent and meaning of the act to prevent frauds and perjuries, 1 Rev. Code, ch. 101, § 2, p. 373, as held by this Court in Taylor v. Beale, 4 Gratt. 93, and other cases, became liable to the demands of the creditors of the said Thomas E. Digges, though the possession thereof was resumed by the said Beale after the expiration of the said period of five years. But that the said woman Jane, not having so remained in the possession of the said Thomas E. Digges, but the possession of her *591 having been resumed by the said Beale within such period of five years, she continued the property of the said Beale, and did not become liable to the demands of the creditors of the said Thomas E. Digges.
And the Court is further of opinion, that under the circumstances disclosed by the record, the Circuit court erred in dissolving the appellant’s injunction and dismissing his bill, instead of causing an issue to be tried before a jury for the purpose of ascertaining whether the claim of the appellees John H. Digges & Charles W. Digges, in the character of creditors of the said Thomas E. Digges, was fair and bona fide, or fictitious and fraudulent. And that whatever might be the result of such an issue, the Circuit court erred in dissolving instead of perpetuating said injunction so far as it restrained proceedings at law in regard to the said woman Jane, and in regard to the amount of the error admitted in the answers of the defendants, as to the sum for which the judgment at law was confessed by the said Thomas E. Digges.
Decree of the Circuit court reversed, with costs, injunction reinstated, and cause remanded, to be proceeded in according to the principles above declared.